IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 1:12-cr-474 |
| v. | ) | |
| | ) | The Honorable Claude M. Hilton |
| JULIO CESAR REVOLORIO RAMOS, | ) | |
| | ) | Sentencing Date: February 8, 2013 |
| Defendant. | ) | |

**POSITION OF THE UNITED STATES
WITH RESPECT TO SENTENCING**

The United States of America, by Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Marc J. Birnbaum, Special Assistant United States Attorney and Michael J. Frank, Assistant United States Attorney, in accord with 18 U.S.C. § 3553 and the United States Sentencing Commission, Guidelines Manual § 6A1.2, files this Position of the United States with Respect to Sentencing.

The United States has reviewed the Pre-sentence Report and concurs with the findings of the Probation Office, including the determination that the applicable guideline range is 188 to 235 months' imprisonment. The United States respectfully submits that a sentence of within this range appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a), and respectfully requests that the Court impose such a sentence.

**ARGUMENT**

**I.    Applicable Sentencing Law**

A sentencing court considers both the Sentencing Guidelines and other statutorily prescribed factors. *See* 18 U.S.C. § 3553(a); *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). To determine a sentence, "[a] district court shall first calculate (after making the

appropriate findings of fact) the range prescribed by the guidelines." *Hughes*, 401 F.3d at 546. "Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *Id.* at 546. Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to promote respect for the law, provide just punishment, deter criminal conduct, protect the public, and avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a).

Although the Sentencing Guidelines are advisory and are only one of the factors listed in § 3553(a), the Guidelines assist the court by "'provid[ing] certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities.'" *United States v. Booker*, 543 U.S. 200, 264 (2005) (quoting 28 U.S.C. § 991(b)(1)(B)); *see also* 18 U.S.C. § 3553(a)(6). Indeed, in the ordinary case, there will be a significant amount of overlap between the Guidelines range and the remaining § 3553(a) factors because the Guidelines "reflect a rough approximation that might achieve § 3553(a)'s objectives." *Rita v. United States*, 551 U.S. 338, 350 (2007). The Guidelines, for example, encompass the most salient aspects of "the nature and circumstances of the offense" (by establishing an Offense Level that incorporates aggravating or mitigating circumstances such as loss amounts, number of victims, and a defendant's role in the offense), as well as reflecting "the history and characteristics of the defendant" (most notably by establishing a Criminal History Category based on the defendant's prior criminal record). 18 U.S.C. § 3553(a)(1). The Guidelines further help to prevent "unwarranted sentencing disparities" by ensuring that defendants who have committed similar crimes and have similar criminal records will receive roughly similar sentences, regardless of the district and courtroom in which they are sentenced. 18 U.S.C. § 3553(a)(6); *see Gall v. United States*, 552 U.S. 38, 46

(2007) (noting that the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Thus, although the Guidelines are not mandatory, they remain "the starting point and the initial benchmark" in ensuring fair and just sentencing both for defendants, individually, and across multiple cases, collectively. *Gall*, 552 U.S. at 49.

## II.     Sentencing Guidelines Calculation

The United States concurs in the Probation Office's Guidelines calculation. The base offense level for Sex Trafficking of a Juvenile is 30. U.S.S.G. § 2G1.3(a)(2). The offense level is increased by two levels to reflect that E.A. was unduly influenced to engage in sexual conduct, *id.* § 2G1.3(b)(2)(B); by another two levels because the offense involved the commission of a sex act or sexual contact, *id.* § 2G1.3(b)(4)(A); and by five additional levels because the defendant engaged in a pattern of activity involving prohibited sexual conduct, *id.* § 4B1.5(b)(1).[1] After a three-level reduction for acceptance of responsibility,[2] the defendant is subject to a total Offense Level of 36. The defendant's criminal history is Category I. Accordingly, the defendant faces a Guidelines range of 188 to 235 months' imprisonment.

---

[1] Notwithstanding the defendant's objection, the government concurs with the probation officer's determination that this enhancement applies. As noted in the presentence report, this enhancement applies to a pattern of criminal behavior (defined as prohibited sexual conduct on at least two occasions). U.S.S.G. § 4B1.5(b), cmt. 4(B)(i). The Court previously overruled a similar defense objection to the applicability of this enhancement in *United States v. Henock Ghile*, 1:12cr182.

[2] The United States moves this Court pursuant to U.S.S.G. § 3E1.1 to grant a three-level reduction in the defendant's offense level for acceptance of responsibility. The defendant assisted authorities in the investigation and prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently.

### III. A Sentence within the Guidelines Range is Appropriate Based on the § 3553(a) Factors.

In assessing the appropriate sentence, the Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The Court shall consider the need for the sentence imposed: "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

#### a. A Sentence within the Guidelines Range is Reasonable and Appropriate Given the Nature and Circumstances of the Offense and the Characteristics of the Defendant.

Particularly important in this sentencing calculus is the nature and circumstances, as well as the seriousness, of the underlying offense: a long-term and far-reaching sex trafficking conspiracy involving the prostitution of E.A. on multiple occasions, starting when she was just 15 years old.

As detailed in the Statement of Facts, from at least June 2008 through September 4, 2012, Ramos and the sex trafficking organization of which he was part, recruited, transported, and provided women and girls – most of whom were illegal aliens – for commercial sex acts in Virginia, Maryland, Delaware, and the District of Columbia. To ensure that customers had new women for sex, the defendant would typically prostitute a particular woman or girl for a six-day period, and then prostitute a different woman or girl the following week. Ramos received a portion of the conspiracy's proceeds, and other proceeds were sent to co-conspirators residing in

Mexico and to Mara Salvatrucha (MS-13) gang members who charged co-conspirators "rent" to operate in a specific geographic area.

The defendant met E.A. in 2009. At that time, E.A. was a 15-year-old runaway staying with a man in Maryland who demanded rent from her. One of the defendant's co-conspirators spoke with E.A., and told her that prostitution was a great way to make money and that she could work as a prostitute for the defendant. The defendant then spoke to E.A. by telephone and encouraged her to work for him as a prostitute. Desperate, E.A. agreed to do so.

E.A. first worked for the defendant over a three-day period in January 2009. As instructed by the defendant and his co-conspirator, E.A. charged customers $30 for 15 minutes of sexual intercourse or oral sex. The defendant then provided E.A. with condoms and lubricant, and drove her around northern Virginia to have sex with clients. On the first day, E.A. had sex with approximately 17 customers. Although E.A. was sore and crying, the defendant instructed her to continue having sex with customers. On the third day that Ramos prostituted E.A., E.A. had sex with approximately 25 customers. Although E.A. told the defendant after her 16th customer that she wanted to stop, the defendant pushed her to have sex with more customers, and E.A. felt compelled to do so. The defendant later prostituted E.A. on two additional occasions in 2010.

The impact of this sex trafficking conspiracy on its victims, including E.A., likely will be profound and long-lasting. The defendant arranged for E.A. to have sex with multiple men, day after day, without regard to her physical and mental health. This defendant's conduct demonstrates his view: E.A. and the other girls and women he prostituted were commodities that could be exploited for the defendant's financial benefit and then discarded when no longer needed.

The law properly recognizes that children are more vulnerable than adults. Children, including those who are 15-years-old, are more easily manipulated and coerced based on their limited life experiences and still-developing judgment. In short, the defendant's conduct struck directly at E.A.'s personal safety, physical and mental health, and her very dignity. It is serious conduct that warrants a severe punishment.

### b. A Sentence of within the Guidelines Range Will Protect the Public, Provide Appropriate and Reasonable Deterrence, Promote Respect for the Law, and Avoid Unwarranted Sentence Disparities.

A sentence of between 188 and 235 months' imprisonment will promote respect for the law, deter the defendant and others from similar acts, and avoid unwarranted sentencing disparities.

Judges in this District have consistently imposed significant sentences for sex trafficking convictions under 18 U.S.C. § 1591. In *United States v. Jose Ciro Juarez-Santamaria* (1:11-cr-217), the defendant was sentenced to <u>life imprisonment</u> (a Guideline sentence) for prostituting a girl and allowing his fellow MS-13 members to have sex with her for free. In *United States v. Rances Amaya* (1:11-cr-556), the defendant was sentenced to <u>600 months</u> in prison (within the Guidelines range of 360 months to life imprisonment) for assisting another MS-13 member in running a juvenile prostitution business. In *United States v. Justin Strom* (1:12-cr-159), the defendant was sentenced to <u>480 months</u> in prison (below the Guidelines range of life imprisonment) for recruiting at least eight juvenile prostitutes and managing all aspects of the prostitution ring.[3] In *United States v. Alonso Bruno Cornejo Ormeno* (1:11-cr-260), the

---

[3] Four co-defendants who conspired with Strom, but had lesser roles in the enterprise, received lower sentences. *See United States v. Michael Jefferies*, 1:12-cr-143 (120 months); *United States v. Donyel Dove*, 1:12-cr-184 (276 months, including convictions for unrelated offenses); *United*

defendant was sentenced to 292 months in prison (the low-end of the Guidelines range) for recruiting four juvenile prostitutes and managing all aspects of the prostitution ring.  In *United States v. Ramiro Espinoza Jamaica* (1:12-cr-91), the defendant was sentenced to 168 months in prison (within the Guidelines range) for trafficking a 14-year-old girl on a single occasion.  In *United States v. Alexander Rivas* (1:11-cr-166), the defendant was sentenced to 120 months of imprisonment (below the low-end of the Guidelines range of 168 months) for recruiting two juvenile runaways to work as prostitutes.

Finally, this case, along with the recent increase in gang-related juvenile sex trafficking prosecutions in this District, underscores the need for deterrence, both general and specific, of such conduct.  Gang members and associates—as well as independent pimps who have no apparent connection to gangs or organized crime—have turned to sex trafficking because it is seen as a lucrative means to make a quick profit.  Such criminal enterprises have low start-up costs, a ready supply of victims, and significant demand in a marketplace that often operates both online and on the street.  Traffickers must not be allowed to conclude that juvenile prostitution is a viable business enterprise, or that they will be punished lightly if caught.  And the victims of such conduct—past, present, and future—should also be given tangible proof that once sex traffickers are apprehended justice will be served.

---

*States v. Christopher Sylvia*, 1:12-cr-128 (120 months); and *United States v. Henock Ghile*, 1:12-cr-182 (120 months.)

## **CONCLUSION**

A sentence of between 188 to 235 months' imprisonment is necessary and sufficient to account for the sentencing factors listed in 18 U.S.C. § 3553(a).

          Respectfully submitted,

          Neil H. MacBride
          United States Attorney

By:      /s/
          Marc J. Birnbaum
          Special Assistant United States Attorney (LT)
          Michael J. Frank
          Assistant United States Attorney
          Counsel for the United States
          United States Attorney's Office
          2100 Jamieson Avenue
          Alexandria, Virginia 22314
          (703) 299-3700 (phone)
          (703) 299-3982 (fax)
          marc.birnbaum@usdoj.gov
          michael.frank@usdoj.gov

Dated: February 1, 2013

## **CERTIFICATE OF SERVICE**

I certify that on February 1, 2013, I electronically filed the foregoing memorandum with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Daniel T. Lopez, Esq.
1921 Gallows Road, Suite 750
Vienna, Virginia 22181
(703) 883-0880
dlopez@bhnklaw.com

By:    /s/
Marc J. Birnbaum
Special Assistant United States Attorney (LT)
Counsel for the United States
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
703-299-3700 (phone)
703-299-3982 (fax)
marc.birnbaum@usdoj.gov