# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERCIA | : |
| | : |
| vs. | : No: 1:12-CR-474 |
| | : The Honorable Claude Hilton |
| JULIO REVOLORIO RAMOS | : Sentencing February 8, 2013 |
|     Defendant. | : |

**DEFENDANT'S POSITION WITH RESPECT TO SENTENCING**

COMES NOW, the defendant, by and through counsel, Daniel T. Lopez and Pursuant to Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.3 of the United States Sentencing Guidelines ("the Guidelines" or "U.S.S.G."), and this Court's Policy Regarding Procedures to be Followed in Sentencing, the defendant, through counsel, states that he has received and reviewed the Presentence Investigation Report ("PSR") prepared in this case. Counsel objects to the five level enhancement as calculated by the probation officer. The defendant does therefore objects to the guideline calculations. The defendant does not object to the personal history of the defendant. The defendant submits that a sentence of 120 months adequately reflects the seriousness of the offense, promotes respect for the law and provides an adequate deterrence pursuant to 18 U.S.C. Section 3553(a).

.**PROCEDURAL AND LEGAL BACKGROUND**

The defendant was charged by criminal complaint with one count of Transport of a minor for Prostitution in violation of Title 18 U.SC. Sections 1591(a) and (2) and 846. The range of punishment is a minimum of ten years and a maximum of life in prison. The defendant entered a plea of guilty On November 17, 2013, and the case was ultimately set for sentencing on February 8 at 9:00 A.M.

# **LEGAL STANDARD**

After *Gall v. United States*, 128 S. Ct. 586 (2007), the Guidelines are truly advisory. Rejecting the government's argument that sentences significantly outside the advisory Guidelines range should be subject to exacting scrutiny on appeal, the Supreme Court in *Gall* stressed that "the Guidelines are only one of the factors to be considered when imposing sentence . . . ." *Id*. at 602. As the Court explained, the advisory Guidelines sentencing range is only "the starting point and the initial benchmark" from which sentencing courts should begin to make their sentencing determinations. *Id*. at 596. In addition to the advisory Guidelines range, courts must consider the six other (co-equal) sentencing factors enumerated in 18 U.S.C. § 3553(a) in determining the appropriate sentence in each case. *See United States v. Booker*, 543 U.S. 220, 259-60 (2005). The overriding principle and basic mandate of Section 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth therein. Upon consideration of the § 3553(a) factors, and the "sufficient but not greater than necessary" requirement, a sentencing court may find that a case falls outside the "heartland" contemplated by the Guidelines, or that "the Guidelines sentence itself fails properly to reflect § 3553(a) considerations," or that "the case warrants a different sentence regardless." *Rita v. United States*, 551 U.S. 338, 351 (2007). While the district court must begin its analysis by correctly calculating the advisory Guidelines range, the district court is then free, in light of the other statutory sentencing factors, to impose an entirely different sentence.  Under Rita a court is free simply to disagree, based on the Section 3553(a) factors, with the Guidelines' "rough approximation" of the appropriate sentence for any given case. *Id*. at 350. Further the Sentencing Guidelines cannot be used to substitute for the sentencing court's

discretion based on the sentencing factors in Section 3553(a) and the court must consider each of the sentencing factors.

## Objection to U.S.S.G. §4B1.5(b)

The defendant objects to the application of U.S.S.G. §4B1.5(b). The background notes and the plain language of this guideline section indicate that U.S.S.G. §4B1.5(b) is to be applied if three factors are present. First, the instant offense of conviction must be a sex offense committed against a minor. Second, the defendant must have engaged in a pattern of activity involving prohibited sexual conduct. Third, the defendant must present a continuing danger to the public. The defendant submits that he does not present a continuing threat to the public on the grounds that he remains incarcerated and that he will be removed from the United States upon the completion of his sentence. This guideline section is called "Repeat and Dangerous Sex Offender Against Minors" and the background notes make it clear that if the court does not find that the person qualifying for this section is found to be a continuing danger to the public, then the guideline should not apply.

Further, the defendant submits that the intent of the statute is to impose substantial incarceration upon those who continually engage in sexual activity with minors. These "sexual predators" have a high rate of recidivism based on a mental illness and sexual predilection that is beyond the normal deterrence of prison sentence. In the present case the defendant did not engage in sexual activity with EA or any other minor. As a result the need to incarcerate him for a longer period for the protection of public does not exist in this case. The defendant therefore submits that the guidelines should be calculated as follows:

| | | |
|---|---|---|
| Base Level | §2G1.3(a)(2) | +30 |
| Minor Unduly Influenced | §2G1.3(b)(2)(B) | +2 |
| Offense Involved the Commission of a Sex Act | §3D1.4 | +2 |
| Acceptance of Responsibility | | -3 |
| Total Offense Level | | 31=108-135 Months |

# 18 U.S.C. Sentencing Factors

I. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant.

The conspiracy in this case originated with an individual who is still at large and remains of fugitive. Mr. Revolorio continues to cooperate with the government in their attempts to locate and prosecute this individual.

### A. Nature and Circumstances of the Offense

Mr. Revolorio was charged and admits to prostituting EA once in January 2009 and one time in the summer of 2010. During each of these occasions EA worked with the defendant for a period of five days.

### History and Characteristics of Lamberto Cruz

Mr. Revolorio criminal history consists of a charge of driving with altered license plates. As a result of this misdemeanor conviction he is awarded one criminal history point. This case represents his only felony conviction. Mr. Revolorio is twenty nine years old. He was born and raised in Guatemala. He came to the United States in 2004 and began to work in the construction trade. He does not have any children. He was romantically involved with a woman named Yadira Guerro. She is currently incarcerated and facing the same charges as the defendant. She introduced EA to the defendant and ultimately recommended that she enter into prostitution. Mr. Revolorio maintained legitimate employment from the time of his entry until 2009 when he began the criminal conduct that resulted in his incarceration.

### B. The Section 3553 factors.

Section 3553(a) requires that district courts impose a sentence that is "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in § 3553(a)(2): retribution (to reflect the seriousness of the offense, to promote respect for the law,

and to provide "just punishment"); deterrence; incapacitation ("to protect the public from further crimes"); and rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment").   In the present case the government argues that 188 months is the appropriate sentence and asks the court to compare their request with the types of sentences given to numerous defendants that have appeared in this court.

The defendant submits that his involvement is vastly different from the cases listed by the government.  In those cases the defendants were leaders and organizers in a conspiracy to prostitute mostly minors.  The young women were induced into prostitution through force and fraud and in some instances raped by the defendants.  The defendant submits that this case is more similar to the defendant in United States v. Ghile where the court sentenced a 23 year old young man to 120 months in prison.  Mr. Revolorio submits that a sentence of 120 months will provide just punishment for prostituting EA for two weeks on two occasions.  The sentence will adequately protect the public from the defendant for a ten years period after which he will be removed from the United States.

Mr. Revolorio submits that a sentence of 120 months adequately reflects the seriousness of the offense and promotes respect for the law.

## **CONCLUSION**

For the reasons stated above Mr. Revolorio respectfully requests that the court sentence him to a sentence of 120 months with the Bureau of Prisons.  He also requests that the court give him credit for the time that he spent incarcerated.  He further request that the court recommend that he participate serve his sentence in a facility near the Washington, D.C. metropolitan area.

Respectfully submitted,

JULIO REVOLORIO RAMOS
By Counsel

_____/s/_____
Daniel T. Lopez
VA BAR 40345
Attorney for JULIO REVOLORIO RAMOS
Brigilia Hundley Nuttall & Lopez, PC
1921 Gallows Road, #750
Vienna, VA 22182
Office 703-883-0880
fax 703-883-0899
dlopez@bhnklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2013 I will electronically file the foregoing pleading with the

Clerk of the Court using the CM/ECF system, which will then send a notification of such filing

(NEF) to the following:


Marc Birnbaum
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3700
marc.birnbaum@usdoj.gov.


_____/s/_____
Daniel T. Lopez
VA BAR 40345
Attorney for JULIO REVOLORIO RAMOS
Brigilia Hundley Nuttall & Lopez, PC
1921 Gallows Road, #750
Vienna, VA 22182
Office 703-883-0880
fax 703-883-0899
dlopez@bhnklaw.com